UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>DARREN W. and SAMANTHA A. WINCHELL,<br><br>                Debtors. | No. 10-05827-PCW13<br><br>MEMORANDUM DECISION RE:<br>CHAPTER 13 TRUSTEE'S OBJECTION<br>TO CLAIM OF EXEMPTIONS |

THIS MATTER came before the court on the Chapter 13 Trustee's Objection to Claim of Exemptions and Notice Thereof (Docket No. 18) filed November 16, 2010. The Chapter 13 Trustee (hereinafter "trustee") objected to the debtors' Schedule C wherein the debtors stated under the "Value of Claimed Exemption" column "Full FMV" for each asset. The trustee asserts that the lack of the debtors identifying the dollar amount claimed exempt as to each asset prevents the trustee from determining the liquidation analysis. Additionally, the trustee argues that it is not the trustee's duty to calculate the amount of liens against each asset and compare the amount of equity to the fair market value.

Counsel for the debtors argues that the case <u>Schwab v. Reilly</u>, 130 S.Ct. 2652 (2010) encourages the debtor to list the exempt value as "FMV" or "100% of FMV" for each asset and that Schedule C does not require that specific dollar amounts be provided. Debtors' counsel desires to maximize the estate's exemptions as sanctioned by the U.S. Supreme Court.

Having reviewed the Supreme Court case cited by both the trustee and counsel for the debtors, the court has come to the conclusion that both the trustee's and the debtors' positions have merit. <u>Schwab</u> does indeed provide that <u>if the debtor intends to exempt the actual value of the asset</u>, the debtor should list the value claimed exempt as "full fair market value (FMV)" or "100% of FMV." <u>Schwab</u> recognizes and confirms that the trustee is entitled to evaluate the propriety of the claimed exemptions based on three entries on the debtor's Schedule C: 1) the description of the asset in which the debtor

MEMORANDUM DECISION RE: . . . - 1

claims an exempt interest; 2) the Code provisions governing the claimed exemptions; and 3) the amounts the debtor lists in the column titled "Value of Claimed Exemption." This conclusion, however, does not change the typical practice in this District of placing a dollar amount in the "Value of Claimed Exemption" column of Schedule C. Such practice resolves the underlying tension between maximizing the debtor's exemptions as allowed by law, and the administrative ease with which the trustee may preserve the estate's interest in assets, whose value may exceed the statutory exemption limits. Such practice is approved by <u>Schwab</u>.

The column on Schedule C entitled "Current Value of Property Without Deducting Exemption" requires the debtor to list the fair market value of the property. Other than the few types of assets in which debtor has an unlimited exemption amount, the Code generally allows a debtor to exempt only a precise dollar amount of the debtor's interest in the asset. If a debtor lists an amount in excess of the statutory dollar amount, an interested party must, and typically will, object. If the fair market value in the column "Current Value of Property Without Deducting Exemption" is an amount greater than the statutory dollar amount allowed as an exemption, and if the debtor lists "FMV" in the column "Value of Claimed Exemption," the claimed exemption will draw a sustainable objection. Only if the debtor intends to exempt the full <u>actual</u> fair market value of the asset, does the debtor state "FMV" in the "Value of Claimed Exemption" column.

> Where, as here, it is important to the debtor to exempt the full market value of the asset or the asset itself, our decision will encourage the debtor to declare the value of her claimed exemption in a manner that makes the scope of the exemption clear, for example, by listing the exempt value as "full fair market value (FMV)" or "100% of FMV." Such a declaration will encourage the trustee to object promptly to the exemption if he wishes to challenge it and preserve for the estate any value in the asset beyond relevant statutory limits. If the trustee fails to object, or if the trustee objects and the objection is overruled, the debtor will be entitled to exclude the full value of the asset. If the trustee objects and the objection is sustained, the debtor will be required either to forfeit the portion of the exemption that exceeds the statutory allowance, or to revise other exemptions or arrangements with her creditors to permit the exemption. (Footnotes omitted.)

<u>Schwab v. Reilly</u>, <u>supra</u>, at p. 2668.

It is inevitable that should debtors' counsel list "FMV" in the "Value of Claimed Exemption" column, and Schedule C reflects that the current value exceeds the statutory exemption allowance, the trustee will object. This court is duty bound to sustain such objection. Although <u>Schwab</u> may

MEMORANDUM DECISION RE: . . . - 2

encourage debtor's counsel to exempt the actual value of the asset if the debtor has a legal basis for and an intent to claim the actual value of the asset exempt, it clearly does not mandate it. Nor does it mandate that this court overrule any trustee objection when, on the face of Schedule C, it appears that the debtor's amount claimed exempt exceeds the amount that which is statutorily provided. It is clear that Schwab is limited in its application.

In this case, the court finds that the value of the claimed exemption amount "Full FMV" as to the debtors' home which is listed under "Current Value of Property Without Deducting Exemption" as $200,000.00, exceeds the statutory limit set forth in 11 U.S.C. § 522(d)(1). The same situation may exist as to other amounts listed on Schedule C. Therefore, the court **SUSTAINS** the trustee's objection and **DENIES** the exemption. Counsel for the debtors is granted leave to amend its Schedule C should he desire to do so.

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

12/20/2010 15:51:02

MEMORANDUM DECISION RE: . . . - 3